Page 2

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District Southern district of N.Y. | |
|---|---|---|
| Name (under which you were convicted): MAXWell PanL | Docket or Case No.: 25- CR - 113 (DEH) | |
| Place of Confinement: FCi Lewisburg camp | Prisoner No.: 468-21511 | |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v. | MAXWell PanL | |

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   United States District Court
   Southern District Ob New york

   (b) Criminal docket or case number (if you know): 25-CR - 113 (DEH)

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing: 7/23/2025

3. Length of sentence: 66 months

4. Nature of crime (all counts):
   1. Conspiracy to distribute narcotics (
   2. Firearms use, carrying, and Possession

   *(RECEIVED PRO SE OFFICE DEC 12 2025 stamp)*

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐     (2) Guilty ☑     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☐     Judge only ☐

Page 3

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?        Yes ☐        No ☑

8. Did you appeal from the judgment of conviction?        Yes ☐        No ☑

9. If you did appeal, answer the following:

   (a) Name of court:

   (b) Docket or case number (if you know):

   (c) Result:

   (d) Date of result (if you know):

   (e) Citation to the case (if you know):

   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?        Yes ☐        No ☑

      If "Yes," answer the following:

      (1) Docket or case number (if you know):

      (2) Result:

      (3) Date of result (if you know):

      (4) Citation to the case (if you know):

      (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

      Yes ☐    No ☑

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑   No ☑✓

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑   No ☑✓

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:    Yes ❑   No ☑✓

(2)  Second petition:    Yes ❑   No ☑✓

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Based on my Plea agreement I was charged with a 924c gun charge base on the fact that I did not brandished or discharge the firearm. I only possessed it I am respectfully petitioning that I be charg with a 922g.

(b) **Direct Appeal of Ground One:**

　(1) If you appealed from the judgment of conviction, did you raise this issue?

　　Yes ❑    No ☑

　(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

　(1) Did you raise this issue in any post-conviction motion, petition, or application?

　　Yes ❑    No ☑

　(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ☑✓

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ☑✓

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: I Did not appeal or raise this issue because of the time I did not know that my gun charge (.924c) would prevent me from receiveing FSA time credit.


**GROUND TWO:**


(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑     No ❑

   (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❑     No ❑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):


   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑     No ❑

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑     No ❑

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑     No ❑

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ❑    No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ❑    No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?        Yes ❏   No ❏
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding. and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?        Yes ❑ No ❑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ❑ No ❑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ❑    No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
   (1) the date on which the judgment of conviction became final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on 12/8/2025 (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
UNDER 28 U.S.C. § 2255 *(PRO SE)*

**TO THE HONORABLE JUDGE OF THIS COURT:**

Dear Judge Ho,

My name is Maxwell Paul, and I respectfully ask this Court to review my conviction under 18 U.S.C. § 924(c). I am filing this motion *pro se* under 28 U.S.C. § 2255 because I am requesting that the Court reconsider my § 924(c) conviction in light of the facts of my case. A 924 (c) conviction reflects as a violent offense and prevents me from be considered for rehabilitative programs, including eligibility for the First Step Act time credits.

## I. GROUNDS FOR RELIEF

### GROUND ONE: Insufficient Evidence to Support a Conviction Under 18 U.S.C. § 924(c)

My conviction under § 924(c) requires proof that I possessed a firearm "**in furtherance of**" a drug trafficking crime. I believe the evidence presented in my case is insufficient to meet this legal standard.

The facts show:

1. I did **not use** the firearm.

2. I did **not brandish** the firearm.

3. I did **not carry** the firearm.

4. The firearm was **not on my person** during the arrest

5. The firearm was **not present** during the drug activity.

6. The firearm was **stored at my home**, in a separate area from the drugs.

7. I voluntarily informed officers of the firearm's location **after my arrest**.

8. The firearm **did not protect, advance, or facilitate drug trafficking**.

Because the firearm was not used or possessed in furtherance of the crime, I am respectfully asking you to reconsider a charge that is more appropriate than a § 924(c).

RECEIVED
DEC 1 2 2025
PRO SE OFFICE

## II. FACTS SUPPORTING THE CLAIM

- The firearm and the drugs were **not located together**.
- The firearm was **not found near drug proceeds**, scales, packaging materials, or any tools of distribution.
- I never touched, displayed, or accessed the firearm during the offense.
- Officers located the firearm only after I directed them to the area.
- The firearm played **no role** in protecting drugs or drug transactions.
- The government relied solely on **possession**, which I believe is not enough for § 924(c).

## III. MEMORANDUM OF LAW (SUPPORTING AUTHORITY)

To convict under § 924(c), the government must show the firearm was possessed "**in furtherance of"** the drug trafficking offense.

Federal courts consistently hold:

- Mere possession is insufficient.
- Proximity alone is insufficient.
- Firearms kept in the home or stored separately do not satisfy the statute.

## IV. PREJUDICE

Because § 924(c) carries a **mandatory consecutive sentence**. This conviction also classifies me as a **violent offender**, making me ineligible for First Step Act credits and programs.

Vacating the 924(c) conviction could:

- Lower my overall sentence
- Make me eligible for First Step Act time credits
- Remove the "violent offense" classification

## V. REQUEST FOR RELIEF

I respectfully ask this Court to:

1. Vacate my 18 U.S.C. § 924(c) conviction,
2. Grant any additional relief deemed appropriate.

## VI. DECLARATION

I declare under penalty of perjury that the facts in this motion are true and correct.

Executed on: 12/5/2025

Location: FCI Lewisburg

MAXWELL PAUL

Inmate#: 46821-511

FCI Lewisburg

Federal Prison Camp

P.O. Box 1000

2400 Robert F. Miller Drive

Lewisburg, P 17837

## CERTIFICATE OF SERVICE

I certify that on this date, I placed this motion in the prison mailing system addressed to:

## CLERK OF COURT

United States District Court

Southern District of New York

500 Pearl Street

New York, NY 10007

**SUPPORTING LETTER FROM SPOUSE**

**(Exhibit to 28 U.S.C. § 2255 Motion)**

Andrea Paul

750 E. 179th Street

Apt.3G

Bronx, NY, 10457

email: a.drea.1011@gmail.com

December 2, 2025



**Honorable Judge of the United States District Court**

Southern District of New York

500 Pearl Street

New York, NY 10007

**Re: Letter in Support of § 2255 Motion for Maxwell Paul**

Dear Judge Ho,

My name is Andrea Paul, and I am writing this letter in support of my husband, Maxwell Paul, and **the § 2255 motion** he has submitted to this Court regarding his conviction under **18 U.S.C. § 924(c)**.

I respectfully ask the Court to please consider the information below as part of the record. My goal is not to argue legal points, but to provide truthful information, clarify important facts, and express how the circumstances surrounding his conviction have affected our family.

**1. Maxwell did not use, carry, brandish, or access the firearm during the offense**

From everything I know about my husband's case, including the discovery and the discussions with his attorney, the firearm involved in this case:

• was **not used** during the offense,

• was **not brandished**,

• was **not carried**,

• was **not present** at the location of the drug activity, and

• was found only after **Maxwell voluntarily led officers to it** at our home.

I believe it is important for the Court to know that the firearm was **stored in a separate location**, not with drugs, money, or anything that suggested it was connected to illegal activity

## 2. Maxwell voluntarily cooperated with officers

After his arrest, Maxwell **fully cooperated** with law enforcement and told them where to locate the firearm. He did this without hesitation because:

• the firearm was not part of the crime

• he wanted to be honest

• he did not want any misunderstandings

His cooperation has been consistent throughout this entire process and continues today.

## 3. The 924(c) conviction has caused extreme hardship because it classifies him as a "violent offender"

The 924(c) conviction

• classifies him as having a **violent offense**,

• **denies eligibility** for First Step Act time credits,

• he cannot participate in certain rehabilitative programs,

and

• our family is experiencing hardship in his absence.

If the Court grants this motion of the 924(c) conviction, it would give him the opportunity to be eligible for programs for nonviolent offenders.

## 4. I truly believe Maxwell deserves this review

My husband is not perfect, but he is good, honest, and deeply remorseful. He is **not** a violent person, In my conversations and visits with him, I have seen:

• how seriously he takes accountability

• how committed he is to turning his life around

• how much he has grown mentally, and emotionally

• how much he wants to come home and live a positive, lawful life

## 5. Respectful Request

Your Honor, I respectfully ask that you consider the relief Maxwell is requesting. His conviction under § 924(c) does not reflect the reality of the situation, and the consequences of that charge are the charge does not reflect the situation. If the Court determines that this conviction should be modified, it would  give our family hope for a better future.  Thank you for your time, your fairness, and your consideration of this request. I deeply appreciate the Court's attention to this.

Respectfully,

*Andrea Paul*

Andrea Paul

*Wife of Maxwell Paul*

**CLERK OF COURT**

United States District Court

Southern District of New York

500 Pearl Street

New York, NY 10007

**Re: Filing of 28 U.S.C. § 2255 Motion – United States v. Maxwell Paul**

Dear Clerk of Court,

Please file the enclosed **Motion to Vacate Sentence under 28 U.S.C. § 2255** in the above-referenced case. I am currently incarcerated and filing this motion **pro se**. If any additional information is required, please notify me at the institution listed below. Thank you for your assistance.

Respectfully,

MAXWELL PAUL

CASE NO. **25CR00113**

**Institution:**

FCI Lewisburg

Federal Prison Camp

P.O. Box 1000

2400 Robert F. Miller Drive

Lewisburg, PA 17837



Inmate Name: Maxwell Paul
Register Number: 66823511
Federal Prison Camp
P.O. Box 1000
Lewisburg, PA 17837

DEC 09 2025



United States District Court
Southern District Of New York
Pro se Intake Unit
500 Pearl Street
Room 250
New york, N.y. 10007

RECEIVED
SDNY PRO SE OFFICE
2025 DEC 12 PM 3:49










7016 1370 0001 7628 9

CERTIFIED MAIL
